**Denied and Opinion Filed March 2, 2021**



In The

### Court of Appeals
### Fifth District of Texas at Dallas

___

**No. 05-21-00087-CV**

___

**IN RE DAVID BARNES, Relator**

___

**Original Proceeding from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-11126**

___

## MEMORANDUM OPINION
Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

In his February 5, 2021 petition for writ of mandamus, relator asks us to compel the trial court to vacate its order after de novo review.[1] Entitlement to mandamus relief requires relator to show that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Based on the record before us, we conclude relator has not shown his entitlement to the relief requested. *See In re Kenefick*, No. 14-08-00203-CV, 2008

___

[1] This Court previously dismissed a similar petition for writ of mandamus without prejudice. *See In re Barnes*, No. 05-21-00020-CV, 2021 WL 346425 (Tex. App.—Dallas Feb. 2, 2021, orig. proceeding) (mem. op.).

WL 3833842, *6 (Tex. App.—Houston [14th Dist.] Aug. 19, 2008, orig. proceeding) (mem. op.) (denying mandamus relief regarding alleged lack of specificity in trial court's order where relator did not show he presented complaint to trial court); *see also In re Bank of America, N.A.*, 2003 WL 22310800, *2 (Tex. App.—Houston [1st Dist.] October 9, 2003, orig. proceeding) (mem. op.) ("Equity is generally not served by issuing an extraordinary writ against a trial court on a ground that was never presented to the court and that the court thus had no opportunity to address."). Accordingly, we deny the petition for writ of mandamus. Having denied the petition, we also deny the motion for temporary relief as moot.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

210087F.P05